L.P. v. Star Importers Good morning. May it please the Court, Rachel Gage for Defendant Appellants, Star Importers, Inc. and Amin S. Huda. This case is important because the Eleventh Circuit has not ruled on the criteria for awarding statutory damages in trademark counterfeiting cases. I want to emphasize today that such criteria are necessary. Judges need guidance on how to place an award of statutory damages within the very broad range provided by the statute. And this particular case is a unique statutory damages case because case law from all over the country applies factors which determine how the evidence is to be applied. I'm sorry, the evidence is to be applied to specific factors in order to come up with a number. The jury isn't permitted to simply just pluck a number out of the range. It has to be based on certain evidentiary factors. Well, the problem we have is if the factors are outlined for the jury in instructions to which you did not object and the record reflects a statutory damages award consistent with those instructions that's within what the statute allows, the Seventh Amendment bars us from reexamining the facts found by the jury. Why aren't we stuck with the statutory damages award? Because the jury's award in this case was not consistent with the instructions. So the jury was instructed here that any damages award should not constitute a windfall for Republic and thus should bear some relationship to the actual damages suffered by Republic. So everyone agrees that these are criteria to be applied and that a windfall is not permitted. No party here has appealed those jury instructions and we think that they... The instructions explain that because statutory damages serve both compensatory and punitive purposes under the law, Republic can recover statutory damages even if Republic did not lose revenue or suffer any actual damages, right? Correct. However, in this case there was also a finding that the STAAR defendants did not act willfully. So in applying the factors to the evidence proving that there was no willful conduct on the part of the STAAR defendants, it points to an award that must be close to an award of actual damages because otherwise it is a windfall. Couldn't it be important to disincentivize negligence in these sorts of matters? It could be important to disincentivize negligence and I think that between a trademark holder and a party who has unintentionally dealt in counterfeit goods, the burden should be However, there are serious due process concerns when, as in this case, you have a million-dollar punitive damages award for unintentional conduct. Deterrence can be a factor, but a million dollars of deterrence in this case is simply not supported by the evidence. What about on your gray brief on page 2, although you say the actual damages proven by Republic were at most $35,200, you go on to say the maximum amount of actual damages possibly supported by the evidence, assuming the jury made every inference in favor of Republic, was $200,000. So don't we at this stage of the case have to assume that the jury did make every decision, every inference in favor of Republic, and the actual damages were $200,000, which leaves, I think, a much smaller delta between the actual damages and the awarded amount of statutory damages? Even assuming that amount, which I think the district court did allude to in its order, the district court made the assumption, and we think it's an extraordinary assumption that isn't reasonably supported by the evidence, but the district court We're going to make all sorts of decisions that maybe I wouldn't think that I would make if I were on the jury, but we still credit those decisions unless there's a pretty glaring absence of evidence. Why would this case be any different than that? Well, in order to go with the $200,000 number, you have to assume that every piece of counterfeit rolling papers that my client bought were counterfeit, and the evidence did not support that because Republic actually seized all of the counterfeit materials, or excuse me, all of the rolling papers in our possession, tested only some of it, and only some of that proved to be counterfeit. So it was clear that not everything in our possession that had the Republic trademark on it was actually counterfeit. So that assumption that everything we had ever bought from the two vendors identified at trial was counterfeit is not supported by the evidence. They only proved, they were the plaintiff in the case, we had a jury trial, they only proved that a certain number of materials were actually counterfeit, and it was a very small number, and on cross-examination we elicited testimony that the damages for the materials actually proven counterfeit were $24. However, if you assume that everything seized was counterfeit, that was the figure that was $28,000, and then we elicited testimony from our client that the profit on the counterfeit material seized, all of it, was about $7,000. Those were the only hard numbers in the case. So the extra million-plus dollars has to be punitive, and that's a violation, that's an arbitrary award, which is a violation of due process. The charge is something that is specifically allowed for in the jury instructions, to which you did not object. It seems to me hard to accept an argument that there has to be this violation to actual damages, because the entire point of statutory damages is as an alternative to actual damages. Why aren't those problems for you with that argument? Well, deterrence is a factor, and a real... Crime is culpable conduct, even if it's not willful conduct. Your negligence is so negligent that it's culpable and worthy of deterrence. The value of this product that the seller has, or the maker of the product has built up over the years is so harmed, and its reputation is so harmed, that there's some deterrent need here. Value of the trademarks and harm to the trademarks is another factor, for which there was no evidence in this case. There was testimony that the value of the trademarks was incalculable, and that the number of people harmed by counterfeit was not calculable. That was the only testimony, the only evidence of the value of the trademarks and their potential impairment. So you asked before about deterrence. It's a factor, but so is a relationship to actual damages. So is no windfall. The President testified that these brands had acquired a reputation for quality and for consistency. The products were their crown jewels, that the company spent about $4-$5 million advertising them annually. Your own star witness, your own witness, Huda, acknowledged the value of the brands and agreed the products were in high demand. Is that not helpful? That's not disputed. However, it is disputed that my client, in selling $7,000 of profit worth of counterfeit materials, unintentionally, not recklessly, should be liable to the plaintiff for $1,000,000 for punitive and deterrent damages. That's disputed. That is an arbitrary award. $1,000,000 is the aggregation of statutory damages of $123,000 per mark. That's correct. That would include $200,000 per mark. It's nice to talk about $1,000,000, but what we're really talking about are 9 marks and the statutory damages well within the range. Right, and I submit that that range is for all cases, not just this case, and that the factors need to be applied to the evidence in each case. The range here was $9,000 to $18,000,000 if the jury had found willful conduct. For non-willful conduct, which was That's a huge range, and it illustrates the danger of statutory damages. It's easy for an award to be arbitrary, and in this case, it was. There may be a danger of statutory damages, but no one is disputing here that Congress has the authority in this context to provide for the award of statutory damages as an alternative. Correct. For the statutory damages, right? Correct. We are not disputing that, but we are disputing that this award misapplied the factors, was not supported by evidence. The jury was correctly instructed. Do you admit that? Yes, Your Honor. You admit that it's within the statutory range. You admit that the testimony was what I have recounted earlier, and we're supposed to, though, just basically re-examine the facts, which is what the Seventh Amendment forbids us from doing. No, I disagree, Your Honor. I think the district court erred in failing to determine that the majority of the jury's verdict was not supported by any evidence. So under Rule 50D, they should have granted, the district court should have granted our motion for judgment notwithstanding the verdict. Thank you, Your Honors. Okay, Ms. Woodhouse. Good morning, Your Honor. May it please the Court, my name is Maya Woodhouse, and with my colleague Joshua Cumbie, we represent the Plaintiff Appellee's Republic Brands. Now, the only issue on appeal is whether the district court erred in denying the Rule 50B motion that Starr filed to reduce the statutory damage award. The panel reviews that de novo, but they apply the same standard that the district court faces when ruling on such a motion. And as the district court noticed, that standard is very high. The burden on the move-in is very high, because when you analyze a Rule 50 motion, you have to draw the evidence and the logical inferences in favor of the non-movement. You can't substitute your judgment for that of the jury. You can't reweigh the evidence, and you must affirm if there is a legally sufficient evidentiary basis to support the award. My argument is, let's say that in a different case, it's shown, the jury agrees that a retailer sold exactly one tube of counterfeit toothpaste, and they award a million dollars in statutory, or $200,000 in statutory damages for a non-wilful violation. Could that jury verdict be overturned? Your Honor, I don't believe it could, but it would depend on the facts of that case, which is why discretion of the fact finder is built into the purpose of the statutory damage scheme. One thing that would potentially happen is that the defendant would move for a remediator? Yes, Your Honor, and that is what happened in the lower court with Rule 59, but that's been waived at this point. Yeah, but that would be one potential remedy, in which case, if you don't accept the remediator, then you have another trial. Yes, Your Honor. But the arguments before us don't present that issue. No, Your Honor, they don't. And to highlight what Judge Grant was saying, the discretion that's built into the statutory scheme is really based and should start with the language of the statute, which does not actually place any restrictions on the fact finder in exercising their discretion in awarding statutory damages, except that it must be within the designated ranges, whether it's non-wilful or willful, and it must be as the fact finder deems just. Now, the factors that the jury was instructed in are consistent with the purposes of the statutory damage scheme, which has been talked about by the Supreme Court, has been talked about by the Eleventh Circuit, has been reflected in the legislative history, that statutory damages are not a substitute for and should not be conflated with actual damages because they address different harms. They address lost sales, of course, but they also address erosion of a company's reputation. Part of it is it may be difficult to prove what the actual damages are, but really no doubt that there has been some damage suffered, right? Yes, Your Honor. It is kind of a substitute, but it doesn't have to be directly related to that. That's right, Your Honor, because it does have a compensatory factor to it, but it also has a punishment aspect and a deterrence aspect. And with respect to the Supreme Court's discussion of statutory damages and those purposes, they actually state that statutory damages are meant to discourage wrongful conduct, wrongful, not willful conduct, even for uninjurious or unprofitable invasions of, in that case, it was copyright, but it's been expanded to trademark law. So what STAR is essentially arguing in their brief is that in the absence of a finding of willfulness, the jury could only consider evidence of what STAR contends is Republic's actual damages. That is not consistent with the language of the statute. It's not consistent with the purposes of the statute, as we've all discussed. It seems inconsistent with the jury instructions that we have presumed the jury followed and that there was no objection either of the district court or on appeal about that. That's absolutely correct, Your Honor. And I can shift quickly to the jury instructions since I agree that that is something that it's a barrier that the STAR appellants haven't overcome and don't even try to, which is the jury instructions are not at issue in this appeal. The jury was instructed as to the compensatory, punitive, and deterrent purposes of the statute. They were instructed as to a non-exclusive list of factors that they may but weren't required to consider to help guide their discretion that they're given under the Lanham Act. They were told actual damages is one of those non-exclusive factors, but so is deterrence, so is the value of the trademark, so is whether the infringement is innocent or willful, any number of these things. None of those factors required a finding of willfulness before the jury could consider them. And most critically for purposes of this appeal, the instructions specifically stated that the award could not be a windfall and had to bear some relationship to actual damages in balance with all of these other considerations. As Your Honor has noted, the 11th Circuit presumes juries follow their instructions, and that means this statutory damage award, which is within and below the maximum permitted by Congress, is not a windfall. What kind of evidence could show a windfall? Is there any way for us to police that line? I'm slightly nervous to try because it feels like I would be substituting my judgment for the jury doing that exercise. I don't know that there would be any basis to say that it would be a windfall in this case. Not even in this case, right? I'm not asking. It's tough to ask counsel to concede things against their clients. But in a different case, what kind of evidence could a court look at to determine that they're in a windfall? Or do you think that that's a kind of substantive limitation that there's really no way to review absent some sort of extreme kind of intervention by a jury member confessing, and we probably couldn't look at that either, right? Yes, Your Honor, I understand, and it's difficult because it's sort of akin to trying to prove a negative. We can't go into the jury room and understand what underlay a hypothetical jury room's decision. It's hard for me to hypothesize because earlier in today's argument, you asked whether the sale of one product, or I guess Chief Judge Pryor asked, the sale of one product and $200,000, is that something that would be supported? And I think that that one sale could very well be supported. First of all, the question is, is it within the range? And it is. Whether or not they find willfulness, it's within the non-willful range. So it's permitted by law. So then the court would have to examine whether the evidence exists to support that. Is the product of such value that the sale of even one would warrant that award? Was the witness's demeanor on the stand so unrepentant that the jury decided they needed to be deterred and put better measures in place? Is this product of such a safety hazard that it merits even the sale of one would have devastating effects? What if the plaintiff said on the stand, you know what, it's not really that big of a deal, but I know there are statutory damages, and so I feel like maybe juries these days are a little bit frustrated with big business, so maybe I can get some money. That would be enough, right, to show willfulness if the jury actually went for that? I'm sorry. To show windfall if the jury went for that argument, like, hey, this one tube of toothpaste, realistically it's a violation but not a huge deal, but I'm just really hoping that I could get some money here. I don't believe that could be considered evidence of a windfall because the motivation of the plaintiff in electing statutory damages versus actual damages, it doesn't matter to the jury's determination. So it seems to me that if you survived summary judgment and you survived a judgment as a matter of law, that is that you haven't presented enough evidence that would support some award of statutory damages, and the jury has been properly instructed and awards an amount within the range that at the end of the day, if the district court is concerned that this is just a windfall, it has the remedy of remediature, but if that's out of the case or waived and there was enough evidence to support a statutory damages award and it was within the range and the jury was properly instructed and we assume it follows the instructions, you're just stuck. Is that your answer? Yes, Your Honor, because that is exactly what the Seventh Amendment prohibits us from questioning and second-guessing. And I do want to go back to the standard because the standard to rule as a matter of law under Rule 50B is that even taking all the inferences, all the evidence in favor of the non-movement, excuse me, all of that evidence and inferences still point so strongly, so overwhelmingly to one outcome that no reasonable jury could have found differently. And I think that's really important because this isn't, is it 50 versus 40 percent enough of evidence? It's not that. The star appellants must have shown, and they failed to do so in the district court. We would argue that they failed to do it in the appellate court. They have failed to show that there is only one outcome that the jury could have reached if they were actually weighing the evidence. But there's a problem with that because the number that the star appellants put in their brief, $35,200, I want to be very clear, that is Star's assessment of Republic's actual damages based on a limited subset of invoices that correspond to the number of products that were visually identified as counterfeit on one day during DeKalb County's raid and were seized and taken in possession. So Star has calculated this $35,000 number based on what they had in a single day. It doesn't take into account any of the sales that they did before that day of the raid that we didn't catch them with because they were put into the stream of commerce. And we know their counterfeiting extended beyond the day of the raid because Republic performed five multiple different test buys over the course of months, all of which contained counterfeit products, all of which resulted in unrebutted lab reports showing that Star's products that were purchased from them were conclusively counterfeit, contained unknown or unapproved constituent ingredients, all of these things. The jury heard that. But the jury also heard of— It was a risk to public safety. Absolutely, Your Honor. So they hear about that because Republic does have to follow FCA regulations. They do have quality standards in place that unauthorized products by their nature do not comply with. So the jury heard that. They heard evidence of the value of the mark, that these are 100-plus-year-old marks with millions of dollars invested in them. They heard about consumer complaints about counterfeits that get attributed to Republic because they bear their brands. Star's argument that statutory damages can only consider actual damages turns the statutory scheme on its head. It's inconsistent with the statute. It's inconsistent with the purpose. It's inconsistent with the instructions. And it's inconsistent with the ample evidence that the jury heard over five days of testimony that they then went into the jury room, properly instructed, considered, and came out to a different amount. That's not legal error. That's just sour grapes. They don't disagree with any part of the process of how the jury reached their award. They only disagree with the outcome. But the jury did exactly what they were told to do and exactly what the law allows them to do. I have a couple more minutes if there's any questions. No. You know, we're always grateful for time returned to us. Well, thank you so much, Your Honor. I appreciate it. I yield my time. Thank you, Your Honor. Judge Grant, your example of a plaintiff on the stand saying we were just trying to get a windfall here is we submit exactly what happened here. Republic didn't have very many actual damages. They ultimately were not able to prove willfulness. But they chose to go for a statutory damages award and ask the jury for up to $200,000 per nine trademarks, not as a substitute for damages that were not able to be proved because damages were proved and the amount is in our briefs. There was no other evidence of damages at the trial and not because records were not available. Records were available in this case. My client was forthcoming in discovery. All of the sales records were produced. And so this is a case where we can isolate actual damages and understand that the jury verdict bore no relationship to those damages. That's inconsistent with the instructions. It's inconsistent with the evidence. Statutory damages should not be available to provide a windfall jury verdict, as is what happened here. Now, there are no other non-willful cases that we were able to identify. And by non-willful cases, I mean trademark cases in which a defendant was found to have not acted willfully with a statutory damages award that far exceeds the amount of actual damages. In fact, there are very few cases where a defendant is found to have not acted willfully at all. The trial court and Republic throughout the case have cited a lot of copyright cases. That's a different statute. It's a similar statutory scheme, but the amounts are much lower. The factors that courts apply are different. And I don't think copyright case law can be squarely applied to this case. Speaking only for myself, I think you're doing a good job with what you have, but it's a real challenge when the statutory range for non-willful actions goes up to $200,000. I understand you have an argument that the actual damages are so low that it couldn't possibly support this, but we don't have anything like the kind of almost hyperbolically straightforward testimony that I gave an example of as what we might look at as evidence of a mere windfall. And I think that's what I struggle with, at least in this case, is that even if these are not the damages that I think, looking, of course, only at this record on appeal and not having sat through the trial like the jury did, I'm just not sure that I see anything that allows us to look behind the jury's verdict and conclude that they did anything that was contrary to the law or contrary to their instruction, even though I certainly understand why the result is frustrating to your client. Yes, Your Honor. The statutory range does go up to $200,000, but that does not necessarily mean, and this Court should not find that any award within that range is appropriate in light of the evidence in this case. There could be other cases involving more expensive materials or a higher volume where a jury does find there's unintentional conduct and someone has to bear the burden of those damages and it should be the defendant. Right here, my client sells literally thousands of products. He's the CEO of the company. You seem to be completely, though, overlooking what can be the legitimate deterrent value here. There's been all the testimony about the millions of dollars in annual marketing and reputational maintenance. The jury is instructed that you don't have to have a finding of willfulness that a statutory damages award can nevertheless serve a deterrent value. You've got the unknown ingredients that could pose a risk to public safety. So there's plenty here, it seems to me, to also show, in addition to whatever the actual damages are, that there's actually a deterrent element here that's permissible under the jury instructions and within the range. Why isn't that a big problem for you? Well, it's a factor, but it should be a very minor factor, if a factor at all in this case, because there was no finding of willfulness. So what are we trying to deter? My client made $7,000, which he's happy to remit in damages. There was no evidence of specifically what he should have done differently. There was evidence as to how he brings products into his warehouse. We're trying to deter negligence and the distribution of counterfeit products that pose a risk to public safety and that harm the reputation of a brand that a seller has spent millions of dollars every year in marketing. And we submit that putting that on the shoulders of my clients in the amount of $1 million here is a due process violation because it's an arbitrary award not connected to the actual evidence of damages. Thank you, Your Honors. We are in recess until tomorrow. All rise.